# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2011

No. 10-40953

Lyle W. Cayce
Clerk

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AON RISK SERVICES, INC. OF WASHINGTON, formerly known as Rollins Hudig Hall of Washington Inc.,

Plaintiffs - Appellees

v.

PUGET PLASTICS CORPORATION; ARCTIC SLOPE REGIONAL CORPORATION,

Defendants - Appellants

MICROTHERM, INC.,

Intervenor Defendant - Appellant

_____

ARCTIC SLOPE REGIONAL CORPORATION; PUGET PLASTICS CORPORATION; MICROTHERM, INC.,

Plaintiffs - Appellants

v.

AON RISK SERVICES, INC. OF WASHINGTON; formerly known as Rollins Hudig Hall of Washington Inc.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Defendants - Appellees

No. 10-40953

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CV-00050

Before JONES, Chief Judge, HAYNES, Circuit Judge, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

This case involves the question of whether National Union Fire Insurance Company of Pittsburgh, Pa. owes coverage for damages caused by Puget Plastics Corporation ("Puget") and its parent company, Arctic Slope Regional Corporation ("ASRC") to Intervenor Defendant-Appellant, Microtherm, Inc. ("Microtherm") (Puget, ASRC, and Microtherm will be collectively referred to as "Appellants"). Following our affirmance and remand on the first (interlocutory) appeal of this case, *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398 (5th Cir. 2008) (hereinafter *Puget I*), the district court conducted a bench trial on the issues outlined in *Puget I.*

The district court explained *Puget I* as follows: "In essence, the Fifth Circuit simplified the entire "occurrence" definition into three specific "non-occurrence" scenarios. . . . Puget's deliberate actions are not an "occurrence" if: (1) the injury to Microtherm was highly probable, (2) Puget intended or expected the injury inflicted on Microtherm, or (3) Puget committed an intentional tort, in which case the intent to harm Microtherm would be presumed." *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.,* 649 F. Supp. 2d 613, 630 (S.D. Tex. 2009).

---

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-40953

After an exhaustive discussion of the facts, the district court concluded that the injury to Microtherm as a result of Puget's deliberate actions was "highly probable," and, therefore, did not constitute an "occurrence" under the policy as defined by *Puget I*.  *Id.* at 645-46.  Alternatively, the court determined that Microtherm and Puget failed to present evidence upon which the court could base an allocation of damages awarded by the jury verdict in the underlying liability case between covered and uncovered damages.  *Id.* at 647-52.

We have carefully considered the pertinent portions of the record, the parties' briefs,[1] the district court's opinions,[2] and the oral arguments made to this panel in light of *Puget I*.  For substantially the same reasons as those set forth in the district court's careful and thorough original opinion, 649 F. Supp. 2d at 629-31 and 645-46, we find no error warranting reversal in its determination of the occurrence issue applying *Puget I*.  Accordingly, we do not reach the second issue.

AFFIRMED.

---

[1]  After oral argument, Appellants filed a Rule 28j letter to alert us to the recent decision in *Mid-Continent Casualty Co. v. Brock*, 2011 WL 4807715 (5th Cir. Oct. 11, 2011) (unpublished).  That unpublished opinion does not support Appellants' position here.  In that case, the district court granted summary judgment for the insurer, concluding that the jury's finding of "knowingly" and "intentionally" under the Texas Deceptive Trade Practices Act in the underlying liability case meant that there could be no "occurrence" as a matter of law. *Puget I* addressed the interlocutory appeal of the district court's denial of National Union's motion urging a similar conclusion in this case.  Thereafter, the district court conducted a trial and faithfully applied *Puget I*.  *Brock* is inapposite here.

[2]  The district court's opinion regarding Appellants' motion for new trial is published at *National Union Fire Insurance v. Puget Plastics Corp.*, 735 F. Supp. 2d 650 (S.D. Tex. 2010).

3